**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION; an Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC- HAWAII, LLC, a Hawaii limited liability company, Plaintiffs, ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO.** **8:19-cv-01895-CEH-CPT** |
| v. ) | |
| THE MONTGOMERY LAW FIRM, LLC, a Missouri limited liability company; MONTGOMERY & NEWCOMB, LLC, a Missouri limited liability company; M. SCOTT MONTGOMERY, ESQ., an individual; W. TODD NEWCOMB, ESQ., an individual; CLS, INC. d/b/a ATLAS VACATION REMEDIES and also d/b/a PRINCIPAL TRANSFER GROUP, a Missouri corporation; ATLAS VACATION REMEDIES, LLC, a Missouri limited liability company; PRINCIPAL TRANSFER GROUP, LLC, a Missouri limited liability company; JASON LEVI HEMINGWAY, an individual; MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC, a Missouri limited liability company; DAN CHUDY, an individual; MATTHEW TUCKER, an individual; and CATALYST CONSULTING FIRM LLC, a Missouri limited liability company, Defendants. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **STATEMENT IN SUPPORT OF** ***PRO HAC VICE*** **APPEARANCE OF** **ROBERT M. WARD, ESQ.** |

As directed by the Court's Order to Show Cause, dated February 21, 2020 (Doc. 249), this is the Statement of Robert M. Ward, Esq. in support of continuing his *pro hac vice* appearance before the Court. The Court is respectfully thanked for providing this opportunity to supplement the Record.

1

Specifically, and most unfortunately, the abbreviated Record, as set forth in the Show Cause Order[1], is incomplete. But rather, the actual facts shown on the Security Tape – and, as witnessed by attorneys Montgomery and Newcomb – will provide a full and accurate Record. (See Declarations, Exhibits A and B).

In summary, **<u>explicit and unambiguous permission</u>** -- to remove the subject belt and suit trousers -- was given by the Deputy Marshal in charge of the X-ray conveyer system, whilst acting within the scope of the Deputy Marshal's security function duties, and thus having (i) actual authority, and/or (ii) indicia of authority, to do so.

The following facts are not in doubt:

(i)   On January 30, 2020, my clients (Attorneys M. Scott Montgomery and W. Todd Newcomb) and I entered the Courthouse for purposes of attending a Hearing before Magistrate Judge Tuite in the present Lanham Act case.

(ii)  My belt could not be removed without removing my trousers -- because (a) the belt was wider than the belt-loops; (b) had been installed thereon *only* by individually compressing the belt transversely, for its entire length, and for each of the nine (9) belt loops; and (c) thus, had been secured tightly and fixedly therewithin. See Fig. 1, *infra.*



**Fig.1**

---

[1] "The incident, documented on a Court Facility Incident Report and captured on video by surveillance cameras, occurred as follows. Ward entered the front screening post, where he was asked for his identification and to place all of his belongings in a bin to be screened by the x-ray machine. A Court security officer asked Ward to remove his belt and place it into the bin to be screened. Ward verbalized disagreement with having to remove his belt, stating that attorneys should not have to do that. Ward removed his pants, throwing them into the bin. Ward then walked through the walk-through metal detector, took his pants out of the bin, put them back on, and proceeded to Magistrate Judge Tuite's courtroom for the hearing". (Doc. 249, 2/21/2020, page 2)

(iii)     Because this wide-belt could not be removed without first removing my trousers and threading the compressed belt **individually** back-through each of the nine (9) belt loops, and for the entire length of the belt, I duly asked for a "hand check" – *i.e.,* a "pat-down"[2]. Although there were several ***male*** Deputy Marshals within the security station, my reasonable request was refused – and, without explanation.

(iv)     Next, I asked for permission to remove my trousers together with my belt – *i.e.,* because the belt was wider than the belt-loops (see above), and thus was secured tightly there-within. **In response, the Deputy Marshal in charge of the X-ray machine -- expressly and unambiguously -- gave me permission to remove the trousers that were holding the belt fast.**

(v)     Whereupon, I (whilst wearing suitable underwear) removed my trousers together with the belt, and placed them on the conveyer belt – i.e., to be X-rayed, along with my other items.

(vi)     I then stepped through the magnetometer, put my trousers back-on, and my clients and I proceeded together to the elevators to attend the Hearing, called for 2 PM.

(vii)     At no time did any of this gathering of Deputy Marshals countermand, contradict, criticize, or otherwise comment-upon the **express permission** that I had just been unambiguously given to remove my belt together with my trousers.

---

[2] As the Court is aware, Deputy Marshal CSOs are required to be former law enforcement personnel.

> Experienced former law enforcement officers, having served in various capacities and specialties throughout their careers, comprise the agency's Court Security Officer (CSO) program. These contracted CSOs receive limited deputations as special Deputy Marshals and play a vital role in courthouse security. Using security-screening systems, CSOs detect and intercept weapons and other prohibited items that individuals attempt to bring into federal courthouses. Senior Inspectors, Deputy Marshals and CSOs provide security at facilities that house court operations.

> https://www.usmarshals.gov/careers/qualifications.html.

Wherefore, these Deputy Marshals are (a) mature and responsible adults, and (b) experienced police officers. As such, Deputy Marshals are fully acquainted with the ubiquitous procedure of "stop-and-frisk", including the Fourth Amendment standards set forth in *Terry v. Ohio*, 392 U.S. 1 (1968).

## **CONCLUSION**

Based upon the undeniable facts of record and the prevailing law, the Rule to Show Cause should be discharged forthwith, and the same is respectfully solicited.

If, however, the Rule were not to be discharged without hearing, a Hearing pursuant to the legal standards and admonitions of *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997), and *Norton v. Tallahassee Mem'l Hosp.,* 689 F.2d 938, 941 n.4 (11th Cir. 1982), is properly requested by your respectful *pro hac vice* counsel -- *inter alia*, (i) to examine the "Report" of the United States Marshal (which is believed to be materially incomplete), and to cross-examine its author; (ii) to cross-examine the several Deputy Marshals; and, (iii) to introduce the subject suit trousers and belt into evidence. If such a Hearing is necessary, your petitioner respectfully requests that appropriate subpoenae issue to secure the presence of the above persons.

Suffice it to say that counsel reasonably relied upon the **<u>express permission</u>** that had been given. Suffice it further to say that any implication that this 76+-year old grandfather, with 49-years before the Bar, somehow had a salacious intent -- in merely seeking to be on-time for a Hearing before Magistrate Judge Tuite – is truly disturbing.

Your respectful *pro hac vice* counsel greatly regrets this unfortunate incident, which will not be repeated, and continues to trust-in the Court's judicious, mature, and fair analysis of the facts and law, based upon this now more complete Record.

Respectfully submitted this 6th day of March, 2020,

**/s/ Robert M. Ward**                          Coleman W. Watson
Robert M. Ward                                      The Plaza
(Admitted *Pro Haec Vice*)                 189 S. Orange Avenue, Suite 810
3455 Peachtree Road NE, Floor 5      Orlando, FL 32801
Atlanta, GA 30326                                Telephone: (404) 474-0592
Telephone: (404) 606-6480              Facsimile: (404) 965-3750
rward@bmwiplaw.com                        coleman@watsonllp.com

5

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the Middle District of Florida, with notice and copy of same being electronically served by the Court upon all counsel of record.

**/s/ Robert M. Ward**

*Attorney for the Lawyer Defendants*