**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**
TAMPA DIVISION
Case No.: 8:19-cv-1895-T-36-CPT

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION; a Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVS-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company,<br><br>      Plaintiffs,<br><br>v.<br><br>THE MONTGOMERY LAW FIRM, LLC, a Missouri limited liability company; MONTGOMERY & NEWCOMB, LLC, a Missouri limited liability company; M. SCOTT MONTGOMERY, ESQ., an individual; W. TODD NEWCOMB, ESQ., an individual; CLS, INC. d/b/a ATLAS VACATION REMEDIES and also d/b/a PRINCIPAL TRANSFER GROUP, a Missouri corporation; ATLAS VACATION REMEDIES, LLC, a Missouri limited liability company; PRINCIPAL TRANFER GROUP, LLC, a Missouri limited liability company; DONNELLY SNELLEN, an individual; JASON LEVI HEMINGWAY, an individual; MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC, a Missouri limited liability company; DAN CHUDY, an individual; MATTHEW TUCKER, an individual; and CATALYST CONSULTING FIRM LLC, a Missouri limited liability company,<br><br>      Defendants. | **PLAINTIFFS' RESPONSE IN OPPOSITION TO ATTORNEYS COLEMAN WATSON AND LEIA LEITNER'S MOTION TO WITHDRAW AND INCORPORATED MEMORANDUM OF LAW** |

Plaintiffs, Wyndham Vacation Ownership, Inc., a Delaware corporation; Wyndham Vacation Resorts, Inc., a Delaware corporation; Wyndham Resort Development Corporation, an Oregon Corporation; Shell Vacations, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVS-Americana, LLC, an Arizona limited liability company; and SVC-Hawaii, LLC, a Hawaii limited liability company (collectively, "Plaintiffs" or "Wyndham"), file this response in opposition to the *Motion to Withdraw* ("Motion") [Doc. 264] filed by Coleman Watson, Esq. ("Watson") and Leia Leitner, Esq. ("Leitner") (together "Attorneys"). To explain, Plaintiffs do not object to the Attorneys being ultimately relieved as counsel of record in this case, but with important caveats. The circumstances dictate that prior to being relieved of their obligations herein, new Florida counsel should be substituted in for the Attorneys, and, further, that the *pro hac vice* admission of Robert Ward, Esq., which *pro hac vice* admission is currently under scrutiny by this Court, on its own initiative, with this Court having determined that Mr. Ward's "behavior [i]s discourteous, uncivil, and undignified" (Doc. 249 at 3), be revoked. Wyndham states:

## BACKGROUND

The Attorney's Motion seeks leave to withdraw as counsel for M. Scott Montgomery, W. Todd Newcomb, The Montgomery Law Firm, Montgomery & Newcomb, LLC, and Donnelly Snellen ("Defendants"). Each of these parties is also represented by Mr. Ward.[1] Mr. Ward is not admitted to practice in this Court, but sought and was granted permission to appear *pro hac vice*. Docs. 24, 26. To date, the Attorneys have acted as the resident attorney for Mr. Ward. *See also Motion of Robert Ward, Esq. to Appear Pro Hac Vice and Written Designation and Consent of Local Counsel to Act* (Doc. 24) ¶ 7. Admittedly, Mr. Ward has been lead counsel for Defendants

---

[1] Newcomb is also represented by Michael Kiernan, Esq. and Heather Fleming, Esq. Docs. 154, 200.

and has actually been the drafter of oftentimes incoherent and non-sensical written submissions to this Court and spearheaded the discovery misconduct which has resulted in sanctions. Under these circumstances, it is imperative that not only Mr. Ward's *pro hac* be revoked, but that the Court require Florida counsel to be substituted in for the Attorneys prior to permitting them to withdraw from the case.

## ARGUMENT

As an initial matter, if the Court grants the Motion and allows the Attorneys to withdraw, Mr. Ward will no longer be compliant with Local Rule 2.02, which requires that any non-resident attorney be associated with a "resident in Florida, upon whom all notices and papers may be served and who will be responsible for the progress of the case, including the trial in default of the non-resident attorney."

Nevertheless, even if the Attorneys are not permitted to withdraw, the Court should still proceed with revoking Mr. Ward's *pro hac vice* admission, which it currently has under consideration. On February 21, 2019, the Court already issued an order requiring Mr. Ward to show cause why his *pro hac vice* admission should not be revoked. *See* Order (Doc. 249) ("Show Cause Order"). There is ample basis to revoke Mr. Ward's *pro hac vice* admission based on the conduct discussed in the Show Cause Order. As the Court explained in the Show Cause Order, Mr. Ward disrobed at the Sam M. Gibbons United States Courthouse on January 30, 2020 and "demonstrated a lack of respect for the legal system and those who serve it," and "failed to uphold the honor and dignity of the profession." *See id.* at 3.

Unfortunately, Mr. Ward's "lack of respect for the legal system" has not been limited to the January 30 event. Mr. Ward has exhibited improvident discovery misconduct throughout this litigation, which this Court has addressed by *twice* issuing sanctions against him. The Court first

awarded sanctions because Mr. Ward frivolously attempted to assert that the entirety of five depositions and the corresponding exhibits were confidential. *See* Doc. 90. The Court issued a second sanction award against Mr. Ward's clients because they failed to produce documents as ordered without any good cause for the delay. *See* Doc. 129.

Despite those sanctions awards, Mr. Ward has continued to delay discovery and has blatantly misrepresented facts to the Court. On October 29, 2019, the Court held a discovery hearing to address certain boiler-plate objections that Mr. Ward prepared on behalf of his clients.[2] During the hearing, Mr. Ward's clients essentially withdrew all of the objections and agreed to produce responsive documents. Despite the agreement, Mr. Ward's clients did not produce the documents, so on December 6, 2019, Plaintiffs filed their *Motion to Compel [the Montgomery Defendants] to Comply with their October 29 Agreements*. Doc. 217 ("December Motion to Compel"). Mr. Ward filed a response to the December Motion to Compel and misrepresented to this Court that his clients had "fully responded" to the discovery at issue. Doc. 228 at 1. Mr. Ward's blatant and obvious misrepresentation caused Plaintiffs to incur the unnecessary expense of filing a reply to correct the record. Doc. 235.

The Court held a hearing on the December Motion to Compel, as well as other matters, on January 30, 2020 (when Mr. Ward elected to disrobe). Doc. 239. The Court then ordered Mr. Ward's clients to produce the remaining discovery by February 14, 2020. Doc. 244 ¶ 8. As of the date of this response, Plaintiffs still have not received all of the required documents. Notably, it appears that Mr. Ward is doing nothing to expedite the discovery process, but is instead relying Michael Kiernan, Esq. and Heather Fleming, Esq., who were retained by Todd

---

[2] Copies of the objections are attached to Plaintiff's Motion to Compel. Doc. 127

Newcomb's insurance carrier on behalf of Newcomb only, to handle the discovery process for Mr. Ward's other clients.

Plaintiffs concur with the Court's finding that that Mr. Ward's "behavior [i]s discourteous, uncivil, and undignified." Doc. 249 at 3. Accordingly, Mr. Ward's *pro hac* admission should be revoked.

Finally, and as previously expressed, given the case posture and ongoing open discovery and other litigation issues in this case, much of which the Court is aware through motion practice and hearing, to the extent the Court is inclined to ultimately relieve the Attorneys of their obligations in this matter, it should require that the Attorneys be replaced by Florida counsel before permitting the Attorneys to formally withdraw.

WHEREFORE, Plaintiffs respectfully request the Court require that Coleman Watson, Esq. and Leia Leitner, Esq. only be permitted to withdraw after new Florida counsel is substituted for Attorneys and revoke Mr. Ward's *pro hac vice* admission and grant any such further relief as the Court deems just and proper.

Dated:  April 13, 2020

*/s/ Glennys Ortega Rubin*
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida  32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

                                           **JONATHAN P. HART, ESQ.**
Florida Bar No. 55982
jhart@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2020, the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will send a notification of filing via electronic mail on all counsel or parties of record authorized to receive electronic notifications and via U.S. Mail to certain Defendants as set forth below:

| | |
|---|---|
| David Steinfeld, Esq.<br>Law Office of David Steinfeld, P.L.<br>3801 PGA Blvd., Suite 600<br>Palm Beach Gardens, FL 33410<br>Telephone: 561-316-7905<br>Facsimile: 561-828-7637<br>Email: dave@davidsteinfeld.com<br><br>*Attorney for Defendant, Catalyst Consulting Firm, LLC* | David Anthony Wilson, Esquire<br>201 S.W. 2ndStreet, #101<br>Ocala, Florida 34771<br>Telephone: (352) 629-4466<br>Facsimile: (352) 732-6469<br>Email: david@dwilsonlaw.com<br><br>*Attorney for Defendants Dan Chudy* |

| | |
|---|---|
| Ashley R. Kellgren, Esq.<br>Email: akellgren@traublieberman.com<br>Michael K. Kiernan, Esq.<br>Email: ServiceMKiernan@traublieberman.com<br>Traub Lieberman Straus & Shrewsberry, LLP<br>P.O. Box 3942<br>St. Petersburg, FL 33731<br>Telephone: (727) 898-8100<br>Facsimile: (727) 895-4838<br><br>*Attorney for Defendant, W. Todd Newcomb, Esq.* | Coleman W. Watson, Esq.<br>Leia V. Leitner, Esq.<br>Watson LLP<br>189 S. Orange Avenue<br>Suite 810<br>Orlando, Florida 32801<br>Telephone: 407-377-6634<br>Facsimile: 407-377-6688<br>Email: coleman@watsonllp.com<br>Email: leia@watsonllp.com<br><br>Robert M. Ward, Esq.<br>BMW IP Law<br>3455 Peachtree Road NE, Floor 5<br>Atlanta, GA 30326<br>404-606-6480<br>Email: rward@bmwiplaw.com<br>*Attorneys for Defendants, The Montgomery Law Firm; LLC, Montgomery & Newcomb, LLC; M. Scott Montgomery, Esq.; W. Todd Newcomb, Esq.; and Donnelly Snellen*<br><br>MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC<br>2000 W. Murray Drive<br>Springfield, MO 65810<br>VIA U.S. MAIL, per Court Order |
| Matthew Tucker<br>2000 W. Murray Drive<br>Springfield, MO 65810<br>VIA U.S. MAIL, per Court Order | Jason Levi Hemingway<br>Principal Transfer Group, LLC<br>CLS, Inc.<br>Atlas Vacation Remedies, LLC<br>901 E. St. Louis St., Suite 1201<br>Springfield, MO 65806<br>Via U.S. MAIL<br><br>CLS, Inc.<br>708 Missouri Blvd.<br>Jefferson City, MO 65109<br>Via U.S. MAIL |

*/s/ Glennys Ortega Rubin*
**GLENNYS ORTEGA RUBIN, ESQ.**

ORLDOCS 17599738 3