**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WYNDHAM VACATION OWNERSHIP, INC. a
Delaware corporation; WYNDHAM VACATION
RESORTS, INC., a Delaware corporation,
WYNDHAM RESORT DEVELOPMENT COR-
PORATION; an Oregon Corporation; SHELL
VACATIONS, LLC, an Arizona limited liability
company; SVC-WEST, LLC, a California limited
liability company; SVC-AMERICANA, LLC, an
Arizona limited liability company; and SVC- HA-
WAII, LLC, a Hawaii limited liability company,
Plaintiffs,
v.
THE MONTGOMERY LAW FIRM, LLC, a Mis-
souri limited liability company; MONTGOMERY
& NEWCOMB, LLC, a Missouri limited liability
company; M. SCOTT MONTGOMERY, ESQ.,
an individual; W. TODD NEWCOMB, ESQ., an
individual; CLS, INC. d/b/a ATLAS VACATION
REMEDIES and also d/b/a PRINCIPAL TRANS-
FER GROUP, a Missouri corporation; ATLAS
VACATION REMEDIES, LLC, a Missouri lim-
ited liability company; PRINCIPAL TRANSFER
GROUP, LLC, a Missouri limited liability com-
pany; JASON LEVI HEMINGWAY, an individ-
ual; MUTUAL RELEASE CORPORATION
a/k/a 417 MRC LLC, a Missouri limited liability
company; DAN CHUDY, an individual; MAT-
THEW TUCKER, an individual; and CATA-
LYST CONSULTING FIRM LLC, a Missouri
limited liability company,
Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION NO.**
**8:19-cv-01895-CEH-CPT**

**ATTACKED LEAD COUNSEL'S**
**REQUEST FOR LEAVE TO**
**RESPOND TO WYNDHAM'S**
**UNTOWARD COMMENTS**

Undersigned Lead Counsel respectfully requests leave to be heard in response to Wynd-

ham's contrived "opposition" to the motion to withdraw of disabled Local Counsel, Mr. Coleman

Watson, Esq. -- who has been forced to close his legal practice, because of illness. Unfortunately

and inequitably, Wyndham has sought to morph Mr. Watson's simple, standard and (yes) most

unfortunate motion into yet another untoward attack on another attorney -- this time, upon Lead Counsel.

Lead Counsel has duly explained the facts and circumstances that lead to the unfortunate necessity of removing his belt, together with his trousers – an event that was triggered by the refusal of the Courthouse Officers to conduct a standard "pat-down", and that thus was followed by the **express permission** that counsel had received to do so by these very same Security Guards -- all of whom are mature adults and former law enforcement offices. Counsel has thus apologized for any inconvenience that this regrettable event may have caused. No one was prejudiced thereby. But, nonetheless, it is clear that the covert purpose of Wyndham's continuing attack on Lead Counsel is for the untoward purpose of seeking unfair advantage over, and prejudice against, the Lawyer Defendants that Wyndham has unaccountably sued.

Wyndham's present story-line-of-convenience to the Court pretends that Lead Counsel has supposedly been guilty of "gross misconduct", allegedly because a discovery sanction was issued (*i.e.*, based upon the mere designation of a video deposition transcript as "Confidential under Protective Order").  But, however, the promptly and candidly-stated reason for this designation was to prevent Wyndham from posting video-clips **on the Internet** from this video deposition of the attacked lawyer deponent – *i.e.,* for Wyndham's extrajudicial purpose of damaging the deponent's legal practice. To date, Wyndham has never explained why this sensitive video should not have properly been **confined** to usages within the present litigation, only -- and/or, why the "Confidential" designation could ever have been prejudicial to any **fair use** that Wyndham had planned. Accordingly, and even though the sanction issued by the prior Magistrate Judge was joint-and-several, Lead Counsel (a solo practitioner) supra-ethically paid the sanction out of his own pocket.

Again, Wyndham over-argues its case, and with an inappropriate viciousness that is seldom seen in the federal courts.

Moreover, it is correct that (a) Lead Counsel's former client (the Principal Transfer Group) had refused to provide discovery, and (b) that thus, Lead Counsel was ethically forced to withdraw from such representation. But, transparently, this was not a sanction against counsel, who had thereby only sought to uphold the high ethical standards of this Court.

Finally, attacked Lead Counsel believes that the focus of the case should remain on the substantive issues in the case – and, which prominently include Wyndham's failure (in violation of Rule 11 FRCP) to conduct a pre-filing investigation as to the proximate cause of the so-called "tortious interference" that Wyndham ever-so-casually charges against the Lawyer Defendants. Specifically, Wyndham has unethically and speculatively filed the present Complaint alleging that the Wyndham Timeshare Owner Clients of the sued Lawyer Defendants had supposedly been "induced" **by the Lawyer Defendants** to default on their payments to Wyndham. But, Wyndham has now admitted in discovery that Wyndham did not conduct any pre-filing investigation of its Wyndham Timeshare Owners to determine the who, what, why, where, when and how **proximate causality** of these defaults. (See attached Wyndham's Reponses to Request to Admit).

Wyndham's litigation mis-behavior cannot be excused.

Accordingly, Wyndham has violated Rule 11 FRCP, and thus Wyndham's present attack on Lead Counsel -- in *faux*-response to the entirely necessary and proper motion of disabled Attorney Watson -- is but a yet further, attempted, vulgar camouflage for Wyndham's continuing untoward pattern of mis-behavior in attacking other lawyers.

Finally -- most unfortunately – and, given the facts that: (i) Intellectual Property law is national in-scope; (ii) Lead Counsel's national legal practice for 49+ years has been focused upon

the litigation of the Intellectual Property subjects of, *inter alia,* patent law, trademark law, copyright law, trade secret law, and related antitrust causes; and (iii) *pro hac vice* admissions are necessary to conduct Lead Counsel's national practice -- Wyndham's heedless and vituperative purpose in filing its present attack brief is to destroy Lead Counsel as a lawyer.

Thus, it is Wyndham's purpose to destroy Lead Counsel's legal practice, and thus to serve a ruined-attorney, as an object-lesson *in futuro,* to **any younger attorney** who would dare to oppose Wyndham's continuing unethical, unlawful and fraudulent practices in the sale of their so-called "timeshares".

Respectfully submitted this 15th day of April, 2020,

**/s/ Robert M. Ward**
Robert M. Ward
(Admitted *Pro Haec Vice*)
3455 Peachtree Road NE, Floor 5
Atlanta, GA 30326
Telephone: (404) 606-6480
rward@bmwiplaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the Middle District of Florida, with notice and copy of same being electronically served by the Court upon all counsel of record.

**/s/ Robert M. Ward**

*Attorney for the Lawyer Defendants*