UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WYNDHAM VACATION
OWNERSHIP, INC., et al.,

    Plaintiffs,

v.                                                           Case No. 8:19-cv-1895-T-36CPT

THE MONTGOMERY
LAW FIRM, LLC, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is the *Plaintiffs' Motion for Contempt and Sanctions against Defendant Mathew Tucker*. (Doc. 214). For the reasons discussed below, the Plaintiffs' motion is granted in part and denied in part.

I.

The Plaintiffs initiated this action in December 2018 against Defendant Matthew Tucker; Mutual Release Corporation, a/k/a 417 MRC, LLC (MRC) (an entity with which Tucker was apparently affiliated); and others (collectively, the Defendants), alleging that the Defendants participated in a scheme to induce timeshare owners to default on their timeshare contracts as part of a timeshare exit strategy. (Doc. 1). Based on these and other allegations contained in their complaint, the

Plaintiffs assert claims for: (1) violations of the Lanham Act; (2) tortious interference with contractual relations; (3) civil conspiracy; and (4) violations of Florida's Deceptive and Unfair Trade Practices Act. *Id.*[1]

In May and June 2019, the Plaintiffs served Tucker with their First Request for Production of Documents and First Set of Interrogatories. (Doc. 143 at 2). Tucker did not respond to these discovery requests. (Doc. 214 at 2). Nor did he attempt to address a subsequent motion to compel filed by the Plaintiffs in August 2019. *Id.*

Tucker also ceased responding to his counsel during this time period as well. (Doc. 161). As a result, Tucker's attorney sought and was granted permission to withdraw as Tucker's counsel of record in October 2019. (Docs. 161, 179).

That same month, the Court granted the Plaintiffs' motion to compel and ordered that Tucker comply with the Plaintiffs' discovery requests within fourteen days of the Court's Order. (Doc. 199). Tucker—proceeding *pro se* at that point—did not heed this directive.

Citing Tucker's noncompliant behavior, the Plaintiffs thereafter filed the instant motion asking that the Court (1) direct Tucker to show cause why he should not be held in contempt for failing to follow the Court's October 2019 Order; (2) impose a *per diem* fine for each day that he continued to disobey that Order; and (3) award the Plaintiffs their reasonable attorney's fees and costs in seeking their request for relief. (Doc. 214). When Tucker did not respond to the instant motion,

---

[1] The Plaintiffs have since obtained a Clerk's default against MRC (Doc. 205) and are currently seeking a default judgment and permanent injunction against MRC as well (Doc. 224).

the Court issued a Show Cause Order in April 2020 instructing him to do so within fourteen days. (Doc. 270). The Court also cautioned Tucker that a failure to comply with the Court's decree might result in the imposition of sanctions and/or a finding of contempt. *Id.*

Tucker did not abide by the Court's directive, and the time for doing so has expired. The matter is therefore ripe for the Court's consideration.

II.

Rule 37(b) of the Federal Rules of Civil Procedure "authorizes a panoply of sanctions for a party's failure to comply with a discovery order." *Wyndham Vacation Ownership, Inc., v. Clapp Bus. Law, LLC*, 2020 WL 3266059, at *2 (M.D. Fla. Apr. 2, 2020) (internal quotation marks and citation omitted). Rule 37(b)(2)(A) lists seven such sanctions, including—of relevance here—"treating [the violation] as contempt of court." Fed. R. Civ. P. 37(b)(2)(A)(vii).

Civil contempt, however, "is a severe remedy," and the burden on a litigant requesting that sanction is therefore "a high one." *In re Roth*, 935 F.3d 1270, 1277 (11th Cir. 2019) (quoting *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019)). In particular, a party seeking civil contempt for noncompliance with a court order must demonstrate by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation and emphasis omitted); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted).

"Instead of or in addition to" contempt or any of the other sanctions available under Rule 37(b)(2)(A), the Court must order a party who has failed to obey a discovery order "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Strict adherence to Rule 37 serves to thwart "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted).[2] As such, "sanctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). The fact that a party like Tucker is proceeding *pro se* does not render him any less subject to sanctions than a represented party. *Zow v. Regions Financial Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (per curiam) (observing that the sanctions available under Rule 37 "apply with equal force to *pro se* parties") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350 (11th Cir. 2009) (per curiam) (noting that an unrepresented litigant is "subject to sanctions like any other litigant") (quoting *Moon*, 863 F.2d at 837).

In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353,

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

1366 (11th Cir. 1997). That discretion, however, is not unbridled. It is axiomatic that the magnitude of the sanctions must be "reasonable in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (noting that the permissible purposes for sanctions are to compel discovery, deter misconduct, punish the guilty party, or to compensate the court or the parties for the added expense caused by the abusive conduct) (citations omitted).

In addition to their authority under Rule 37, "[d]istrict courts have [the] inherent power to enforce compliance with their orders through civil contempt." *United States v. Marc*, 2019 WL 7461689, at *4 (M.D. Fla. Dec. 16, 2019) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)), *report and recommendation adopted*, 2020 WL 42866 (M.D. Fla. Jan. 3, 2020). "The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process." *Melikhov v. Drab*, 2019 WL 5176911, at *5 (M.D. Fla. July 1, 2019) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2019 WL 4635548 (M.D. Fla. Sept. 24, 2019).

In this case, as noted above, Tucker has not complied with Court's October 2019 Order directing him to respond to the Plaintiffs' discovery requests. Nor has he obeyed the Court's subsequent Show Cause Order instructing him to address the Plaintiffs' instant motion for contempt and sanctions. Tucker has also not offered any justification that would excuse his noncompliance with these judicial decrees. Tucker's failure to follow the Court's directives has impeded the Plaintiffs' efforts to

pursue their claims, has interfered with the Court's orderly disposition of this action, and has threatened the integrity of the discovery process. As such, the imposition of sanctions against him is warranted.

In light of Tucker's failure to comply with the Court's Orders, including the Court's October 2019 Order instructing him to respond to the Plaintiffs' First Request for Production of Documents and First Set of Interrogatories, Tucker is barred from introducing any evidence at trial that is responsive to those discovery demands and that he did not previously disclose to the Plaintiffs. Fed. R. Civ. P. 37(b)(2)(A)(ii); *Nazer v. Five Bucks Drinkery LLC*, 2018 WL 936053, at *2 (M.D. Fla. Feb. 16, 2018) (barring party from introducing any evidence at trial that he failed to produce in response to opposing party's discovery); *McDaniel v. Bradshaw*, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011) (precluding plaintiff from introducing any documents that the court required him to produce and that were not disclosed by the court-ordered date), *aff'd sub nom.*, *McDaniel v. Sheriff of Palm Beach Cty.*, 491 F. App'x 981 (11th Cir. 2012); *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010) (approving magistrate judge's recommendation precluding party from introducing into evidence documents that were not produced as required under the discovery rules and by court order).

Furthermore, pursuant to Rule 37(b)(2)(C), Tucker shall pay the Plaintiffs' reasonable expenses, including attorneys' fees, incurred in bringing both their motion to compel (Doc. 143) and their motion for contempt and sanctions (Doc. 214). *See* Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir.

1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). Tucker has not responded to these motions, much less shown that his actions were substantially justified or that his noncompliance was harmless. Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *see also Weaver v. Lexington Ins. Co.*, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007) (citation omitted) (stating that non-complying party has the burden of showing that his non-compliance was substantially justified or harmless).

The Court believes that these sanctions—although less than those sought by the Plaintiffs—are reasonable under the circumstances. Tucker is reminded that if he fails to participate in the litigation in the future, additional sanctions may be warranted, including, but not limited to, a finding of contempt and/or the entry of a default judgment against him. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

### III.

For the reasons set forth above, it is hereby ORDERED:

1. The *Plaintiffs' Motion for Contempt and Sanctions against Defendant Mathew Tucker* (Doc. 214) is granted in part and denied in part.

2. Defendant Tucker is prohibited from introducing any evidence at trial that is responsive to the Plaintiffs' First Request for Production of Documents and First Set of Interrogatories, and that he did not previously disclose to the Plaintiffs.

3. The Plaintiffs are awarded their reasonable expenses, including attorneys' fees, incurred in bringing both their motion to compel (Doc. 143) and their

motion for contempt and sanctions (Doc. 214), all of which shall be paid by Tucker. No later than twenty-one days from the date of this Order, the Plaintiffs shall file an attorney fee declaration and any relevant supporting documentation, including an itemization of the time expended by counsel, establishing the amount of such fees and costs.

    4.    To the extent not granted herein, the Plaintiffs' motion is denied without prejudice.

DONE and ORDERED in Tampa, Florida, this 29th day of June 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party