UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WYNDHAM VACATION
OWNERSHIP, INC., et al.,

    Plaintiffs,

v.                                               Case No. 8:19-cv-1895-T-36CPT

THE MONTGOMERY
LAW FIRM, LLC, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is the *Plaintiffs' Motion for Contempt and Sanctions against Defendant Jason Levi Hemingway*. (Doc. 255). For the reasons discussed below, the Plaintiffs' motion is denied without prejudice.

I.

The Plaintiffs initiated this action in December 2018 against Defendant Jason Levi Hemingway, three entities with which Hemingway was apparently affiliated,[1] and others (collectively, the Defendants), asserting that the Defendants participated in a scheme to induce timeshare owners to default on their timeshare contracts as part of

---

[1] Those three entities are CLS Inc., d/b/a Atlas Vacation Remedies, d/b/a Principal Transfer Group; Principal Transfer Group, LLC; and Atlas Vacation Remedies, LLC. (Doc. 1).

a timeshare exit strategy. (Doc. 1). Based on these and other allegations in their complaint, the Plaintiffs assert claims for (1) violations of the Lanham Act; (2) tortious interference with contractual relations; (3) civil conspiracy; and (4) violations of Florida's Deceptive and Unfair Trade Practices Act. *Id*.

In July 2019, the Plaintiffs served Hemingway with their second request for the production of documents. (Docs. 169 at 3; 169-1). Hemingway responded to those document requests roughly a month later, asserting a number of objections. (Doc. 169-2). The parties conferred on the matter and were apparently able to resolve some, but not all, of their disputes. (Doc. 169 at 3). Due to the issues that remained outstanding, the Plaintiffs filed a motion to compel, asking, *inter alia*, that Hemingway be required to turn over the sought-after materials. *Id.* at 13.

The Court conducted a hearing on the Plaintiffs' motion to compel in October 2019. During that hearing, the parties reached an agreement with respect to the requested items, and the Court therefore denied the Plaintiffs' motion as moot. (Doc. 198).

Hemingway, however, did not abide by the terms of his agreement, causing the Plaintiffs to renew their motion to compel in November 2019. (Doc. 203). The Plaintiffs followed that motion approximately a month later with a second motion to compel, this time alleging that Hemingway had failed to respond to additional document requests and interrogatories propounded by the Plaintiffs. (Doc. 221).

After Hemingway failed to address either of these motions, the Court scheduled a hearing on the matter in late January 2020. At that hearing, the Court also

2

entertained a separate motion filed by Hemingway's attorney—Robert M. Ward—to withdraw as Hemingway's counsel of record. (Doc. 219). Ward represented in support of that motion that Hemingway had not fulfilled the commitments he made to the Plaintiffs at the October 2019 hearing, had not communicated with Ward for the roughly three months since then, and had not produced any documents to Ward following the October 2019 hearing.

On February 3, 2020, the Court entered an Order in which it, among other things: (1) granted the Plaintiffs' first motion to compel in part and their second motion to compel in its entirety; (2) directed Hemingway to respond to all of the Plaintiffs' outstanding discovery requests, including those to which he had agreed at the October 2019 hearing; and (3) awarded the Plaintiffs their reasonable expenses associated with both of their motions to compel. (Doc. 244). In addition, the Court granted Ward's motion to withdraw as Hemingway's counsel of record, provided that Ward (and his co-counsel) sent Hemingway a copy of the Court's February 3 Order and confirmed that they had done so via a notice filed with the Court. *Id.* The Court also instructed Ward and his co-counsel to include in their notice Hemingway's last known mailing address, email address, and telephone number. *Id.*

The next day, February 4, 2020, Ward and his co-counsel filed a notice attesting that they had sent the Court's February 3 Order via email and first class mail to Hemingway's last known email and mailing addresses, both of which they listed in the notice. (Doc. 245). The Court subsequently allowed Ward and his co-counsel to

3

withdraw and directed both the Clerk of Court and the parties to provide all future filings to Hemingway at the mailing address listed in the notice. (Doc. 246).

The Plaintiffs thereafter filed the instant motion for contempt and sanctions (Doc. 255), asserting that Hemingway had not obeyed the Court's February 3 Order. As a result, the Plaintiffs requested that the Court instruct Hemingway to show cause why he should not be held in contempt and incarcerated until, among other things, he complied with his discovery obligations and produced all documents in his possession, custody, or control. *Id.* The Plaintiffs also sought their reasonable attorneys' fees in bringing the motion. *Id*.

Hemingway did not respond to the Plaintiffs' contempt motion, leading the Court to enter a Show Cause Order in April 2020 directing that he file, within fourteen days of the Court's Order, a response and memorandum of law as to why the Plaintiffs' motion should not be granted. The Court also cautioned Hemingway that a failure to comply with this decree might result in the imposition of sanctions and/or a finding of contempt.

The Court's Show Cause Order was mailed to Hemingway but, according to the docket, was subsequently returned as undeliverable. The docket further reflects that most, if not all, of other items mailed to Hemingway since early to mid-February 2020 have also been returned as undeliverable.

II.

Rule 37(b) of the Federal Rules of Civil Procedure "authorizes a panoply of sanctions for a party's failure to comply with a discovery order." *Wyndham Vacation*

4

*Ownership, Inc., v. Clapp Bus. Law, LLC*, 2020 WL 3266059, at *2 (M.D. Fla. Apr. 2, 2020) (internal quotation marks and citation omitted). Rule 37(b)(2)(A) lists seven such sanctions, including—of relevance here—"treating [the violation] as contempt of court." Fed. R. Civ. P. 37(b)(2)(A)(vii).

Civil contempt, however, "is a severe remedy," and the burden on a litigant requesting that sanction is therefore "a high one." *In re Roth*, 935 F.3d 1270, 1277 (11th Cir. 2019) (quoting *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019)). In particular, a party seeking civil contempt for noncompliance with a court order must demonstrate by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation and emphasis omitted); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted).

"Instead of or in addition to" contempt or any of the other sanctions available under Rule 37(b)(2)(A), the Court must order a party who has failed to obey a discovery order "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Strict adherence to Rule 37 serves to thwart "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam)

5

(internal quotation marks and citation omitted).[2] As such, "sanctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). The fact that a party like Hemingway is proceeding *pro se* does not render him any less subject to sanctions than a represented party. *Zow v. Regions Financial Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (per curiam) (observing that the sanctions available under Rule 37 "apply with equal force to *pro se* parties") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350 (11th Cir. 2009) (per curiam) (noting that an unrepresented litigant is "subject to sanctions like any other litigant") (quoting *Moon,* 863 F.2d at 837).

In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). That discretion, however, is not unbridled. It is axiomatic that the magnitude of the sanctions must be "reasonable in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (noting that the permissible purposes for sanctions are to compel discovery, deter misconduct, punish the guilty party, or to compensate the court or the parties for the added expense caused by the abusive conduct) (citations omitted).

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

In addition to their authority under Rule 37, "[d]istrict courts have [the] inherent power to enforce compliance with their orders through civil contempt." *United States v. Marc*, 2019 WL 7461689, at *4 (M.D. Fla. Dec. 16, 2019) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980)), *report and recommendation adopted*, 2020 WL 42866 (M.D. Fla. Jan. 3, 2020). "The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process." *Melikhov v. Drab*, 2019 WL 5176911, at *5 (M.D. Fla. July 1, 2019) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2019 WL 4635548 (M.D. Fla. Sept. 24, 2019).

In this case, Hemingway has failed to respond to the Plaintiffs' discovery requests and has been sanctioned by the Court for his noncompliant conduct. That said, it appears that Hemingway did not receive the Court's April 2020 Show Cause Order (Doc. 269), because that Order (as referenced above) was returned to the Court as undeliverable. It is also not entirely clear that Hemingway received the Court's February 3, 2020, Order or the Plaintiffs' instant motion for contempt and sanctions. With respect to the latter, the Court notes that, although the Plaintiffs state in their motion that they FedExed and emailed a "draft" of the motion to Hemingway (Doc. 255 at 8-9), they acknowledge that the FedEx package was returned as undeliverable, *id*. at 9. And, while the Plaintiffs do not represent that the final version of their motion mailed to Hemingway was likewise returned as undeliverable, the Court's docket

7

reflects (as also referenced above) that most, if not all, of the mail sent to Hemingway since early to mid-February 2020 has been returned as undeliverable as well.

As for the items the Plaintiffs have emailed to Hemingway, he has not consented to email service and therefore cannot be required to accept service in that manner. *See* Fed. R. Civ. P. 5(b)(2)(F); *Coleman v. Starbucks*, 2015 WL 2449585, at *2 (M.D. Fla. May 22, 2015) ("Email is only a permissible method of serving litigation papers if the person to be served has consented in writing."). Irrespective of that fact, it is not sufficiently clear from the Plaintiffs' contempt motion that Hemingway has received the documents sent to him at the email address listed in the February 4 notice.

In light of the above, the Plaintiffs have not shown by clear and convincing evidence that Hemingway should be held in contempt and incarcerated until he complies with their outstanding discovery demands. The Plaintiffs have not cited any authority that a party can be subjected to such sanctions for noncompliance with a court order where, as here, it appears that the party may not be aware of that order. And, the Court's independent research reveals at least some case law suggesting that a party cannot be found in contempt under such circumstances. *See, e.g., Postnet Int'l Franchise Corp. v. R&B Cent. Enters., Inc.*, 2009 WL 10670350, at *2 (M.D. Fla. Feb. 27, 2009) (finding "clear and convincing evidence" of defendants' contempt where, among other things, there was "no suggestion that [the defendants] failed to receive or understand the Orders," and, in fact, there was evidence they were aware of them); *Tague v. Blue Hand Supply Corp.*, 2009 WL 10685567 (E.D. Pa. Apr. 24, 2009) (declining to find the defendant and its president in contempt based, in part, on the

8

fact that the plaintiff was unsuccessful in serving a show cause order by certified mail, thereby leaving the court without competent evidence of "notice of the contempt proceedings").

If the Plaintiffs elect to file a renewed motion for contempt, they shall ensure that Hemingway has been appropriately served with the relevant papers and order(s) they seek to enforce.

III.

For the reasons set forth above, the Plaintiffs' *Motion for Contempt and Sanctions against Defendant Jason Levi Hemingway* (Doc. 255) is denied without prejudice.

DONE and ORDERED in Tampa, Florida, this 29th day of June 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party