IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WYNDHAM VACATION OWNERSHIP,
INC., et al.,

        Plaintiffs,          Case No. 8:19-cv-1895-T-36CPT

v.

THE MONTGOMERY LAW FIRM, LLC,
et al.,

        Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiffs' Amended Motion for Default Judgment and Permanent Injunction against Mutual Release Corporation. (Doc. 224). Defendant Mutual Release Corporation ("MRC") is in default. *See* Doc. 205. MRC has failed to respond to the instant motion, and the time to do so has elapsed. The Court, having considered Plaintiffs' Motion for Default Judgment and being fully advised in the premises, will deny without prejudice Plaintiffs' motion.

**I.**     **BACKGROUND**

This dispute arises out of Plaintiffs' claims against MRC and others for alleged false and misleading advertising, tortious interference, civil conspiracy, and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") related to the "timeshare exit" industry. Plaintiffs are owners of timeshare properties who have contracts ("Timeshare Contracts") with individuals who purchased timeshare interests from Plaintiffs. In their Complaint filed December 10, 2018, Plaintiffs allege that MRC and the other Defendants, who are not parties to the Timeshare

Contracts, falsely advertised a cancellation, exit or transfer service that purports to legally release the individuals from their Timeshare Contracts. (Doc. 1 at 3–7). Plaintiffs allege that Defendants wrongfully deceived, induced, or persuaded individuals to stop fulfilling their contractual obligations under the Timeshare Contracts, resulting in significant negative impacts on the credit and finances of the individuals and millions of dollars in damages sustained by Plaintiffs. *Id.* at 5–7. Plaintiffs seek money damages and injunctive relief. *Id.* at 7.

Plaintiffs assert claims against MRC in Counts II (violation of Lanham Act), VI (tortious interference), VIII (civil conspiracy), and IX (violation of FDUTPA). *Id.* ¶¶ 167–78, 218–33, 250–62, 263–74. On March 21, 2019, attorney David Wilson filed an answer to the Complaint on behalf of MRC. (Doc. 83). On September 5, 2019, attorney Wilson moved to withdraw as counsel for MRC, which the Magistrate Judge granted on October 2, 2019. (Docs. 161, 179). The Court's Order specifically advised MRC that it needed to retain new counsel within fourteen days because a corporation may not proceed *pro se*, and that failure to do so could result in a default being entered against MRC. (Doc. 179 at 2–3). On October 21, 2019, Plaintiffs filed a motion for entry of default as to MRC pursuant to Fed. R. Civ. P. 55(a) due to MRC's failure to obtain counsel as ordered by the Court. (Doc. 188). The Magistrate Judge granted that motion on November 14, 2019 (Doc. 204), and the Clerk entered a default against MRC on the same date. (Doc. 205). Plaintiffs now seek default judgment against MRC pursuant to Fed. R. Civ. P. 55(b)(2).

## II.   LEGAL STANDARD

A defendant who defaults is reasoned to have "admit[ted] the plaintiff's well-pleaded allegations of fact." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by

the judgment, and is barred from contesting on appeal the facts thus established."). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Accordingly, "default does not in itself warrant the court in entering a default judgment"—this Court is still required to determine whether the allegations of fact contained in the complaint provide an adequate basis for the judgment entered. *Id.* Similarly, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

### III.   DISCUSSION

MRC is in default, but a default without more does not support the entering of a default judgment. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. "There must be a sufficient basis in the pleadings for the judgment entered." *Id.* Although the general rule is that if liability is well-pleaded in the complaint, it is generally considered established by the entry of a default, *see Buchanan*, 820 F.2d at 361, there are exceptions to this general rule. *Frow v. De La Vega*, 82 U.S. 552 (1872). Thus, in cases involving multiple defendants, a judgment should not be entered against a defaulting party alleged to be jointly liable until the case has been adjudicated with regard to all defendants. *Id.*; *Nationwide Mut. Fire Inc. Co. v. Creation's Own Corp.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow*, 82 U.S. 552). Judges in this district have followed *Frow* and declined to enter default judgment against some defendants where claims remain against other defendants due to the risk of inconsistent judgments. *See, e.g., Fed. Trade Comm'n v. MOBE Ltd.,* No. 6:18-cv-862-Orl-37DCI, 2019 WL 3503286 (M.D. Fla. July 1, 2019); *Akbik v. Abdul-Hakeem*, No. 8:18-cv-511-EAK-AAS, 2018 WL 6790259, at *2 (M.D. Fla. Sept. 21, 2018); *Essex Ins. Co. v. Anchor Marine Envtl. Svcs.*, No. 6:10-cv-340-Orl-

28DAB, 2010 WL 5174025, at *1 (M.D. Fla. Nov. 18, 2010); *Politano v. Ott*, No. 6:07-cv-958-Orl-18DAB, 2008 WL 4104137, at *1 (M.D. Fla. Aug. 6, 2008); *Varela v. Innovative Wiring Sols., LLC*, No. 6:07-cv-165-Orl-28KRS, 2007 WL 4614838, at *2 (M.D. Fla. Dec. 31, 2007). Moreover, the Eleventh Circuit has extended *Frow's* application to cases where "defendants are similarly situated, but not jointly liable*." Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc*., 740 F.2d 1499, 1512 (11th Cir. 1984).

Here, Plaintiffs have sued thirteen Defendants, most of whom are defending themselves in this action and are not in default. Given the procedural posture of the case and to avoid the possibility of inconsistent judgments, the Court declines to enter default judgment against MRC at this juncture, where claims remain against the other Defendants. Accordingly, it is

**ORDERED** that Plaintiffs' Amended Motion for Default Judgment and Permanent Injunction against Mutual Release Corporation (Doc. 224) is **DENIED** without prejudice. Plaintiffs may refile their motion against Mutual Release Corporation at or near the conclusion of this litigation.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties