# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WYNDHAM VACATION OWNERSHIP,
INC., et al.,

       Plaintiffs,                              Case No. 8:19-cv-1895-T-36CPT

v.

THE MONTGOMERY LAW FIRM, LLC,
et al.,

       Defendants.
_____/

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Default as to Defendants Principal Transfer Group, LLC; Atlas Vacation Remedies, LLC; and CLS, Inc. (Doc. 250). Principal Transfer Group, LLC; Atlas Vacation Remedies, LLC; and CLS, Inc. (collectively "Defendants") have not filed a response to the motion, and the time to do so has elapsed.

In their motion, Plaintiffs, Wyndham Vacation Ownership, Inc.; Wyndham Vacation Resorts, Inc.; Wyndham Resort Development Corporation; Shell Vacations, LLC; SVC-WEST, LLC; SVS-Americana, LLC; and SVC-Hawaii, LLC (collectively, "Plaintiffs"), move for an order directing the entry of a default against Defendants as a result of Defendants' failure to comply with this Court's Order. (Doc. 250). On February 3, 2020, the Court entered an Order allowing Robert Ward, Esq., Coleman Watson, Esq., and Leila Leitner, Esq. to withdraw as counsel for Defendants and Jason Hemingway, who owns or operates the Defendants. (Doc. 244) ("Order"). The Order required that Ward, Watson, and/or Leitner provide a copy of the Order to Hemingway and Defendants on or before February 4, 2020, and file a notice confirming delivery. *Id.* ¶ 1. On February 4, 2020, Attorney Ward filed a notice confirming that the Order was provided to

Hemingway and Defendants. (Doc. 245).  The Order required that on or before February 14, 2020, Defendants advise the Court in writing of the name, business address, email address, and telephone number of successor counsel. (Doc. 244, ¶ 3).  Because corporations and limited liability companies cannot proceed *pro se*, the Court warned Defendants that their failure to obtain successor counsel may result in a default being entered against them.  *Id.*

"The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  To date, Defendants have failed to notify the Court that successor counsel has been retained, no counsel has filed an appearance on behalf of these Defendants, and Defendants have not otherwise responded or sought an extension of time to obtain successor counsel.  As such, default is appropriate pursuant to Rule 55(a).  *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996) (upholding default upon corporation for failure to obtain counsel).

Accordingly, is it hereby **ORDERED**:

1. Plaintiffs' Motion for Entry of Default as to Defendants Principal Transfer Group, LLC; Atlas Vacation Remedies, LLC; and CLS, Inc. (Doc. 250) is **GRANTED**.

2. The Clerk of Court is directed to enter a **DEFAULT** against Defendants Principal Transfer Group, LLC; Atlas Vacation Remedies, LLC; and CLS, Inc.

3. Plaintiffs' counsel is directed to promptly serve a copy of this Order upon Defendants Principal Transfer Group, LLC; Atlas Vacation Remedies, LLC; and CLS, Inc. at their last known address and file a notice of compliance with same **within 10 days** from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties