UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WYNDHAM VACATION
OWNERSHIP, INC., WYNDHAM
VACATION RESORTS, INC.,
WYNDHAM RESORT
DEVELOPMENT CORPORATION,
SHELL VACATIONS, LLC, SVC-
WEST, LLC, SVC-AMERICANA, LLC
and SVC-HAWAII, LLC,

  Plaintiffs,

v.   Case No: 8:19-cv-1895-CEH-CPT

THE MONTGOMERY LAW FIRM,
LLC, MONTGOMERY &
NEWCOMB, LLC, M. SCOTT
MONTGOMERY, ESQ., W. TODD
NEWCOMB, ESQ., CLS, INC.,
ATLAS VACATION REMEDIES,
LLC, PRINCIPAL TRANSFER
GROUP, LLC, DONNELLY
SNELLEN, JASON LEVI
HEMINGWAY, MUTUAL RELEASE
CORPORATION, DAN CHUDY,
MATTHEW TUCKER and
CATALYST CONSULTING FIRM
LLC,

  Defendants.
_____/

## **ORDER**

This matter comes before the Court on the Lawyer Defendants' Motion for Summary Judgment as to Count IV (Doc. 295), filed on July 16, 2020. In the motion, The Montgomery Law Firm, LLC; Montgomery & Newcomb, LLC; M. Scott

Montgomery, and W. Todd Newcomb (collectively the "Lawyer Defendants") argue that partial summary judgment should be granted in their favor as to Plaintiffs' claim for contributory false advertising under the Lanham Act because such cause of action does not legally exist. Plaintiffs responded in opposition arguing that caselaw in the Eleventh Circuit establishes that Plaintiffs may bring such a claim. Doc. 303. A hearing on the motion was held February 10, 2021. The Court, having considered the motion, heard argument of counsel, and being fully advised in the premises, will deny the Lawyer Defendants' Motion for Summary Judgment as to Count IV.

I.   BACKGROUND

This case arises out of allegations related to the time-share exit industry. Plaintiffs are dealers in timeshare interests who enter into contracts with individuals ("owners") who purchase timeshare interests. Plaintiffs allege Defendants engaged in false and misleading conduct by advertising and offering services to timeshare owners to release them—purportedly legally—from their timeshare contracts. In a nine-count Complaint, Plaintiffs sue Defendants for violations of the Lanham Act (Counts I–IV), tortious interference with contractual relations (Count V–VII), civil conspiracy (Count VIII), and violations of Florida's Deceptive and Unfair Trade Practices Act (Count IX). Doc. 1. The Lawyer Defendants are sued in Counts IV through IX of the Complaint.

II.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a

---

[1] The Lawyer Defendants do not file any depositions, affidavits, or other documents supporting their motion. Such additional filings are not necessary on this motion as it is based entirely on the legal argument that a cause of action for contributory false advertising under the Lanham Act does not exist. The Court notes, however, that the parties did not file a stipulation of agreed material facts. The Court reminds the parties that the Court's Case Management and Scheduling Order provides that, in conjunction with the filing of motions for summary judgment, "the parties **SHALL** also file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment." Doc. 211 at 6. In the event the parties intend to file motions for summary judgment in the future, they are cautioned to heed this requirement.

party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 858 (11th Cir. 2006).

## III. DISCUSSION

At the hearing on the motion, Counsel for the Lawyer Defendants acknowledged that there is Eleventh Circuit precedent that is contrary to the position advanced by these Defendants in their motion. Specifically, the Eleventh Circuit Court of Appeals held in *Duty Free v. Estee Lauder*, 797 F.3d 1248 (11th Cir. 2015), that a cause of action exists for contributory false advertising under the Lanham Act. Notwithstanding, in their motion and at the hearing, the Lawyer Defendants argue that caselaw from other jurisdictions call into question the opinion in *Duty Free*. *See, e.g., Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988) (finding no express right of contribution exists under the Lanham Act); *Telebrands Corp. v. My Pillow, Inc.*, No. 18-cv-06318, 2019 WL 1923410 (N.D. Ill. Apr. 30, 2019). The Lawyer Defendants fail to cite any Eleventh Circuit authority that conflicts with the opinion in *Duty Free*.[2]

As decided in *Duty Free*, "a plaintiff may bring a claim for contributory false advertising under § 43A of the Lanham Act." 797 F.3d at 1277. The *Duty Free* opinion is binding on this Court. *See Johnson v. DeSoto Cty. Bd. of Comm'rs*, 72 F.3d 1556, 1559

---

[2] To the contrary, Plaintiffs cite Second Circuit caselaw that departs from the holding in *Getty Petroleum* and reinstates a plaintiff's claims for contributory violations of the Lanham Act. *See* Doc. 303 at 14 (citing *Societe Des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P.*, 380 F.3d 126 (2d Cir. 2004)). The Eleventh Circuit in *Duty Free* cites with approval the Second Circuit's opinion in *Societe Des Hotels Meridien*. *See Duty Free,* 797 F.3d at 1274.

4

n.2 (11th Cir. 1996) ("The binding precedent rule affords a court no such discretion where a higher court has already decided the issue before it."). Accordingly, the motion is due to be denied, which the Lawyer Defendants conceded at the hearing.

Lawyer Defendants request, however, that the Court immediately certify the case to the Eleventh Circuit Court of Appeals under 28 U.S.C. § 1292, which provides in relevant part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b). The Court finds that certification of this issue for immediate appeal is unwarranted. First, there is not a substantial ground for difference of opinion within the Eleventh Circuit. As noted by Plaintiffs' response, courts in this Circuit and others have recognized a valid claim for contributory false advertising. *See* Doc. 303 at 16 (collecting cases). Second, an immediate appeal from this Order will not materially advance the termination of this litigation. The issue here involves one Count of nine. There are multiple Plaintiffs and multiple Defendants involved with many other claims, including counterclaims. Even if the other criteria of § 1292(b) were satisfied,

5

certification of the matter would not materially advance termination of this case. Accordingly, it is hereby

**ORDERED**:

1. The Lawyer Defendants' Motion for Summary Judgment as to Count IV (Doc. 295) is **DENIED**.

2. The Court declines to certify immediate appeal of this Order under 28 U.S.C. § 1292(b).

**DONE AND ORDERED** in Tampa, Florida on February 11, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any