UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WYNDHAM VACATION
OWNERSHIP, INC., WYNDHAM
VACATION RESORTS, INC.,
WYNDHAM RESORT
DEVELOPMENT CORPORATION,
SHELL VACATIONS, LLC, SVC-
WEST, LLC, SVC-AMERICANA,
LLC and SVC-HAWAII, LLC,

    Plaintiffs,

v.                                                   Case No: 8:19-cv-1895-CEH-CPT

THE MONTGOMERY LAW FIRM,
LLC, MONTGOMERY &
NEWCOMB, LLC, M. SCOTT
MONTGOMERY, ESQ., W. TODD
NEWCOMB, ESQ., CLS, INC.,
ATLAS VACATION REMEDIES,
LLC, PRINCIPAL TRANSFER
GROUP, LLC, DONNELLY
SNELLEN, JASON LEVI
HEMINGWAY, MUTUAL
RELEASE CORPORATION, DAN
CHUDY, MATTHEW TUCKER and
CATALYST CONSULTING FIRM
LLC,

    Defendants.
_____/

## **O R D E R**

This matter is before the Court on the Plaintiffs' Motion to Strike Certain of the Montgomery Defendants' Amended Affirmative Defenses and Incorporated Memorandum of Law (Doc. 284), the Lawyer Defendants' Response in Opposition to

Plaintiffs' Motion to Strike (Doc. 285), Plaintiffs' Motion to Dismiss Montgomery Defendants' Amended Counterclaims and Incorporated Memorandum of Law (Doc. 283), and Lawyer Defendants' Response in Opposition to Plaintiffs' Motion to Dismiss Counterclaim (Doc. 288). Plaintiffs seek to strike the affirmative defenses numbered 2, 5, 6, 7, 11, 15, 16, 17, 20, 21, 23, and 25 contained in the Amended Affirmative Defenses and Counterclaim (Doc. 281) filed by the Montgomery Law Firm, LLC; Montgomery & Newcomb, M. Scott Montgomery, and Todd Newcomb (collectively the "Montgomery Defendants" or the "Lawyer Defendants").[1] Doc. 284. In the motion to dismiss, Plaintiffs argue that the Lawyer Defendants' counterclaims in Counts I, II, and III remain deficient and should be dismissed with prejudice because they fail to state a claim. Plaintiffs further argue the Lawyer Defendants lack standing to bring a Lanham Act claim in Count IV.  Doc. 167. A hearing on the motions was held February 10, 2021. The Court, having considered the motions, heard argument of counsel, and being fully advised in the premises, will grant in part and deny in part Plaintiffs' motions.

I.     **FACTUAL BACKGROUND**[2]

---

[1] The two law firms and two individual lawyers refer to themselves as the "Lawyer Defendants;" Plaintiffs refer to these four Defendants as the "Montgomery Defendants."

[2] The following statement of facts is derived from the Counterclaim (Doc. 281), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiffs, Wyndham Vacation Ownership, Inc.; Wyndham Vacation Resorts, Inc.; Wyndham Resort Development Corporation; Shell Vacations, LLC; SVC-West, LLC; SVC-Americana, LLC; and SVC-Hawaii, LLC (collectively "Plaintiffs"), filed this action against numerous Defendants, including the Lawyer Defendants. Doc. 1. Plaintiffs are dealers in timeshare interests who entered into contracts with individuals ("owners") that purchased timeshare interests. In a nine-count Complaint, Plaintiffs assert claims for violations of the Lanham Act (Counts I–IV), tortious interference with contractual relations (Count V–VII), civil conspiracy (Count VIII), and violations of Florida's Deceptive and Unfair Trade Practices Act (Count IX). The Lawyer Defendants are sued in Counts IV through IX. *Id.*

On August 19, 2019, the Lawyer Defendants filed a Consolidated Answer, Affirmative Defenses, and Counterclaims (Doc. 149). Plaintiffs moved to dismiss the counterclaims and to strike the Lawyer Defendants' affirmative defenses. Docs. 166, 167. The Court granted Plaintiffs' motions and granted the Lawyer Defendants leave to amend their Affirmative Defenses and Counterclaims. Doc. 275. In their amended pleading, the Lawyer Defendants allege twenty-seven affirmative defenses and assert four claims against Plaintiffs: tortious interference with business relationships (Count I); trade libel (Count II); common law unfair competition (Count III); and false advertising under the Lanham Act (Count IV). Doc. 281.

In Count I of the Counterclaim, the Lawyer Defendants allege that they possess existing and prospective relationships with specific clients and customers that purchased timeshare properties or timeshare points from Plaintiffs. *Id.* ¶ 16. The

3

Lawyer Defendants assert that Plaintiffs have sought to intimidate the clients and customers of the Lawyer Defendants and to undermine their existing contractual relationships in which the Lawyer Defendants represent "dissatisfied and aggrieved" Wyndham timeshare owners. *Id.* ¶ 18. The Lawyer Defendants allege significant injurious interference has occurred via Plaintiffs' false, misleading, and libelous advertising and marketing. *Id.* ¶ 19. Specifically, they claim Plaintiffs make statements on their websites that "timeshare exit attorneys," which Lawyer Defendants would be defined as according to Plaintiffs, are offering and engaging in unlawful services. *Id.* ¶ 21. The Lawyer Defendants plead that Plaintiffs' representations are false, misleading, and deceptive, and are being made for the purpose of interfering with prospective business relationships by discouraging Wyndham timeshare owners from retaining counsel. *Id.* ¶ 25. The Lawyer Defendants seek injunctive relief and money damages. *Id.* ¶ 26.

In Count II, the Lawyer Defendants assert Plaintiffs committed trade libel through publication of false statements intentionally disparaging the quality of services provided by the Lawyer Defendants and seeking to induce timeshare owners not to deal with the Lawyer Defendants. *Id.* ¶¶ 28–30. The Lawyer Defendants allege they have suffered special damages, including attorney's fees, lost income, and lost sales. *Id.* ¶ 31. They seek money damages, but they also request the Court enjoin Plaintiffs from continuing to cause them irreparable injury in the form of lost customers, revenues, and goodwill. *Id.*

Count III alleges claims against Plaintiffs for common law unfair competition. The Lawyer Defendants plead that Plaintiffs claim they compete with the Lawyer Defendants for a common pool of customers, and that Plaintiffs are engaging in conduct that constitutes unfair competition. *Id.* ¶¶ 15, 33, 34. The Lawyer Defendants allege they have been damaged as a direct result of Plaintiffs' unlawful acts. *Id.* ¶ 35. They seek damages and injunctive relief. *Id.* ¶ 36.

In the final Count of the Counterclaim, the Lawyer Defendants sue Plaintiffs for false advertising under the Lanham Act. *Id.* ¶¶ 37–68. The Lawyer Defendants allege that Plaintiffs misrepresent and falsely advertise that Plaintiffs offer viable options to timeshare owners to transition out of timeshare ownership (through their Ovation program), that Plaintiffs offer alternative solutions for owners who feel a timeshare no longer meets their travel needs, and that Plaintiffs are purportedly protecting owners from unethical, resale, rental, and cancellation options offered by other companies. *Id.* ¶¶ 39, 41, 45. The Lawyer Defendants allege that Plaintiffs' representations are false, misleading, and deceptive. *Id.* ¶¶ 40, 42, 46. Further, the Lawyer Defendants state that Plaintiffs' representations that a non-lawyer entity who is a co-party to a contract is prohibited from contacting another layman co-party is a false statement that unethically seeks to discourage timeshare owners from retaining counsel. *Id.* ¶ 48. They allege that Plaintiffs' false and misleading statements are material and likely to influence the purchasing decisions of timeshare owners, that Plaintiffs' conduct has been willful and wanton, and that Lawyer Defendants have

been damaged as a result. *Id.* ¶¶ 65–67.  The Lawyer Defendants seek money damages and injunctive relief. *Id.* ¶¶ 67–68.

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, mere naked assertions are not sufficient. *Id*.  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that, upon motion, the court may order stricken from a pleading an insufficient defense or an immaterial matter.  District courts have broad discretion in ruling on a motion to strike. *OMS Nat'l Ins. Co. v. Turbyfill*, No. 3:14cv622-MCR-CJK, 2015 WL 11109377, at *1 (N.D. Fla. July 22,

2015). However, a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978); *Bazal v. Belford Trucking Co.*, 442 F. Supp. 1089, 1101 (S.D. Fla. 1977); *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

### III.  DISCUSSION

#### A.  Motion to Dismiss

In their motion to dismiss, Plaintiffs argue that the motion is due to be granted as to the Lawyer Defendants' counterclaims for tortious interference, trade libel, and unfair competition (Count I–III) because they are predicated on the incorrect notion that Plaintiffs' advertising is false. Doc. 283 at 5–6. Plaintiffs claim that their statements are objectively true, and therefore the Lawyer Defendants' claims fail. *Id.* This argument is unavailing. As discussed at the hearing, the Court must accept the well-pleaded factual allegations of the Counterclaim as true for purposes of the instant motion to dismiss. Therefore, Plaintiffs' argument that their statements are true does not provide a basis for dismissal of the counterclaims. Accordingly, the motion is due to be denied on this ground.

Plaintiffs next argue that Count I fails because the Lawyer Defendants do not allege specific relationships with customers beyond the general public as required to state a tortious interference claim. Doc. 283 at 7. The Court previously found the tortious interference claim lacking for the Lawyer Defendants' failure to provide any

specificity. *See* Doc. 275 at 10. The deficiencies in the amended tortious interference claim have not been remedied. The Lawyer Defendants still fail to adequately specify the business relationship upon which they rely for their claims. Thus, Count I is due to be dismissed for this reason, but the Court will permit leave to amend. At the hearing, Plaintiffs also raised an issue about insufficient damage allegations. The Lawyer Defendants submit this argument was raised for the first time at the hearing. As the Lawyer Defendants will be given the opportunity to amend, they may add additional allegations regarding damages as they deem necessary in their amended pleading.

Regarding the claim for unfair competition in Count III, Plaintiffs argue Count III fails to state a claim. At the hearing, counsel for the Lawyer Defendants acknowledged that the unfair competition Count was weak as it did not allege or incorporate any ultimate facts regarding the "foregoing actions" as generally alleged in Count III. As discussed at the hearing, Count III only incorporated a few general allegations and did not incorporate any facts regarding Plaintiffs' alleged "unlawful conduct" as referenced in that Count. Accordingly, Count III will be dismissed with leave to amend.

In Count IV, Plaintiffs challenge the Lawyer Defendants' standing to bring a Lanham Act claim. Plaintiffs argue that the Lawyer Defendants fail to plead the causal link between the Plaintiffs' Ovation program and any possible damage to the Lawyer Defendants. Further, Plaintiffs argue that the allegations that their statements are false and misleading are conclusory. In response, the Lawyer Defendants argue they are

harmed by the misrepresentations of the Ovation program because it deprives them of clients. The Lawyer Defendants argue that Plaintiffs' false statements about "timeshare exit attorneys" are directly aimed at them. Although some of the allegations, such as those based "on information and belief" are conclusory, the Court finds that the Lawyer Defendants have sufficiently alleged a claim for false advertising under the Lanham Act, and the Court cannot say at this stage of the proceedings that the Lawyer Defendants have no standing to bring this claim. Accordingly, the motion to dismiss Count IV is due to be denied without prejudice to the Plaintiffs to challenge standing, if appropriate, on summary judgment.

### B. Affirmative Defenses

The Lawyer Defendants raise twenty-seven affirmative defenses. Doc. 281. Plaintiffs challenge twelve of the defenses. "An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" *Ayers v. Consol. Const. Servs. of SW Fla., Inc.*, 207CV123FTM29DNF, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003)). "An affirmative defense will only be stricken if the defense is insufficient as a matter of law . . . ." *OMS Nat'l Ins. Co.*, 2015 WL 11109377, at *1 (quoting *Beaulieu v. Bd. of Trs. of Univ. of W. Fla.*, No. 3:07cv30, 2007 WL 2900332, at *5 n.7 (N.D. Fla. Oct. 2, 2007)). Bare-bones, conclusory allegations are insufficient to support an affirmative defense. *Niagara Distributors, Inc. v. N. Ins. Co. of N.Y.*, 10-61113-

CIV, 2011 WL 13096637, at *1 (S.D. Fla. Apr. 11, 2011) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)).

As discussed at the hearing, the Court finds a number of the affirmative defenses are deficient due to the Lawyer Defendants' failure to clearly identify to which claims the defenses are directed and to clearly identify the legal basis for the defense so as to put the opposing party on notice as to the exact defense being asserted. Additionally, some of the defenses are duplicative and lack specificity. For the reasons stated on the record, the Court will grant in part and deny in part the Plaintiffs' motion to strike affirmative defenses. Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Motion to Dismiss Montgomery Defendants' Amended Counterclaims and Incorporated Memorandum of Law (Doc. 283) is **granted in part**, and Counts I and III of the Amended Counterclaim are dismissed without prejudice. In all other respects, the motion to dismiss is **denied**.

2. Plaintiffs' Motion to Strike Certain of the Montgomery Defendants' Amended Affirmative Defenses and Incorporated Memorandum of Law (Doc. 284) is **granted** as to affirmative defenses numbered 2, 5, 6, 7, 11, and 20. The motion to strike is **denied** as to affirmative defenses numbered 16, 17, 21, and 25.[3] Affirmative defense numbered 15 is stricken per agreement.

---

[3] The motion to strike directed to affirmative defense numbered 23 was withdrawn by Plaintiffs' counsel.

3. The Lawyer Defendants are granted one final opportunity to amend their Affirmative Defenses and Counterclaim to cure the deficiencies discussed at the hearing and in this Order. The Lawyer Defendants shall file their Second Amended Affirmative Defenses and Counterclaim on or before **February 24, 2021**. Failure to file within the time provided will result in this case proceeding with the affirmative defenses that were not stricken by this Order and without counterclaims.

**DONE AND ORDERED** in Tampa, Florida on February 17, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any