UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WYNDHAM VACATION
OWNERSHIP, INC., WYNDHAM
VACATION RESORTS, INC.,
WYNDHAM RESORT
DEVELOPMENT CORPORATION,
SHELL VACATIONS, LLC, SVC-
WEST, LLC, SVC-AMERICANA, LLC
and SVC-HAWAII, LLC,

    Plaintiffs,

v.    Case No: 8:19-cv-1895-CEH-CPT

THE MONTGOMERY LAW FIRM,
LLC, MONTGOMERY &
NEWCOMB, LLC, M. SCOTT
MONTGOMERY, ESQ., W. TODD
NEWCOMB, ESQ., CLS, INC.,
ATLAS VACATION REMEDIES,
LLC, PRINCIPAL TRANSFER
GROUP, LLC, DONNELLY
SNELLEN, JASON LEVI
HEMINGWAY, MUTUAL RELEASE
CORPORATION, DAN CHUDY,
MATTHEW TUCKER and
CATALYST CONSULTING FIRM
LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on the Lawyer Defendants' Motion to Seal (Doc. 439), filed on December 14, 2021. In the motion, the Lawyer Defendants request that their Response (Doc. 436) in Opposition to Plaintiffs' Motion for Partial

Summary Judgment be sealed, along with the exhibits to the response, because certain exhibits contain personal identifying information of non-parties. The Lawyer Defendants request that the Clerk be directed to seal docket entry 436, along with its exhibits, and if necessary, the Lawyer Defendants be granted leave to file a redacted version of their response. The Court, having considered the motion and being fully advised in the premises will grant, in part, the Lawyer Defendants' Motion to Seal.

## DISCUSSION

In relevant part, the Middle District of Florida's Local Rules state, "[b]ecause constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a). Defendant moves to seal its Response (Doc. 436) in Opposition to Plaintiffs' Motion for Partial Summary Judgment, along with the fifteen exhibits to the response. In support, Defendants submit that seven of the exhibits attached to the response include private personal identifying information of non-parties that should not be disclosed to the public, including personal addresses, email addresses, telephone numbers, financial account numbers, and dates of birth. Some of the identifying information should have, at a minimum, been redacted pursuant to Federal Rule of Civil Procedure 5.2(a) and the Administrative Procedures of the Court.

Rule 5.2(a) recognizes that certain information, including social security numbers, birthdates, names of minors, and financial account information, should be redacted. Fed. R. Civ. P. 5.2(a). Notwithstanding those limited examples, "the courts

2

of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

As a preliminary matter, Defendants' request to seal their entire response at Doc. 436 and all exhibits attached thereto is overly broad, unnecessary, and inconsistent with the law and the rules of this Court. Defendants fail to direct the Court to any information contained within the response that warrants sealing. However, the Court agrees that the personal identifying information of non-parties contained within certain exhibits is appropriate for redaction. In the motion, Defendants identify seven exhibits (Docs. 436-3, -4, -6, -9, -10, -11, and -13) that contain personal identifying information of non-parties. Accordingly, the Court will grant Defendants' motion, in

part, and grant Defendants leave to file redacted versions of these specific exhibits. Accordingly, it is

**ORDERED**:

1. The Lawyer Defendants' Motion to Seal (Doc. 439) is **GRANTED in part**.

2. The Clerk is directed to seal the following exhibits: Docs. 436-3, 436-4, 436-6, 436-9, 436-10, 436-11, and 436-13.

3. The Lawyer Defendants shall file within **seven (7) days** redacted versions of the sealed exhibits, which redact the personal identifying information of the non-parties, including birthdates, social security numbers, telephone numbers, personal addresses, email addresses, and financial account information.

4. In all other respects, the Lawyer Defendants' Motion to Seal (Doc. 439) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on February 9, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any