# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLC; and SVC-HAWAII, LLC,

    Plaintiffs,

v.

Case No. 8:19-cv-1895-CEH-CPT

THE MONTGOMERY LAW FIRM, LLC; MONTGOMERY & NEWCOMB, LLC; M. SCOTT MONTGOMERY, ESQ.; W. TODD NEWCOMB, ESQ.; CLS, INC. d/b/a Atlas Vacation Remedies d/b/a Principal Transfer Group; ATLAS VACATION REMEDIES, LLC; PRINCIPAL TRANSFER GROUP, LLC; DONNELLY SNELLEN; JASON LEVI HEMINGWAY; MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC; DAN CHUDY; MATTHEW TUCKER; and CATALYST CONSULTING FIRM LLC,

    Defendants.
_____/

### STIPULATED FINAL PERMANENT INJUNCTION ORDER AS TO DEFENDANTS MATTHEW TUCKER, DAN CHUDY AND MUTUAL RELEASE CORPORATION

This cause having come to be heard upon the Joint Stipulation of Plaintiffs WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLC; and SVC-HAWAII, LLC (collectively, "Wyndham") and Defendants MATTHEW TUCKER ("Tucker"), DAN CHUDY, ("Chudy"), and MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC (collectively the "MRC Defendants"), (Doc. 613), pursuant to Federal Rule of Civil Procedure 65(d), for entry of this Stipulated Final Permanent Injunction Order ("Permanent Injunction"), and the parties having further jointly stipulated (as detailed below) to the following stipulations herein:

1. Wyndham filed its Complaint against the MRC Defendants, among others, on December 10, 2018, styled *Wyndham Vacation Ownership, Inc., et al v. The Montgomery Law Firm, LLC., et al.*, Case No. 6:18-cv-1895-CEH-CPT (Doc. 1).

2. In the Complaint, Wyndham has made claims against the MRC Defendants for (1) Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) (Doc. 1, Count II); (2) tortious interference with contractual relations (Doc. 1, Count VI); (3) civil conspiracy to commit tortious interference with contractual

relations (Doc. 1, Count VIII); and (4) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Doc. 1, Count IX).

3. Wyndham and the MRC Defendants stipulate to the entry of this Permanent Injunction to resolve all matters in dispute in this Litigation between them.

4. The MRC Defendants acknowledge the jurisdiction of this Court for purposes of entering and enforcing this Permanent Injunction, and waive:

   a. Any further procedural steps;

   b. Any requirement that this Permanent Injunction contain any findings of fact or conclusions of law; and

   c. Any right to appeal, seek judicial review, or otherwise challenge or contest the validity of this Permanent Injunction.

5. The MRC Defendants acknowledge and agree that they enter into this Permanent Injunction knowingly and willfully and with full understanding of its terms, having reviewed them after due consideration, and with opportunity to have their own separate legal counsel review its terms as well.

## DEFINITIONS

As used herein, "Wyndham" means the named Plaintiffs to the Litigation, as well as all the subsidiaries and affiliated companies, resorts and related homeowners associations, of these named Plaintiffs, and any additional

2

subsidiaries, affiliates, resorts and homeowner associations that may come into existence after entry of this Permanent Injunction.

As used herein, "MRC Defendants" means Defendants MATTHEW TUCKER, individually; DAN CHUDY, individually, and MUTUAL RELEASE CORPORATION a/k/a 417 MRC, LLC, along with any other entity of which the MRC Defendants are or become a part of, directly or indirectly, whether presently established or established in the future or of which the MRC Defendants are engaged with as employees, business partners, agents, or assigns, as well as all the subsidiaries, affiliated companies, or related entities of the same.

As used herein, "Wyndham Interest" shall be interpreted broadly to include any Wyndham timeshare interest, Wyndham points-based program, or other Wyndham vacation ownership interest of any kind, including but not limited to, all current Wyndham timeshare products and all legacy products affiliated with Wyndham.

As used herein, "Wyndham Owner" means:

    a)    a person who owns a Wyndham Interest; or

    b)    a person who has an existing payment obligation in favor of Wyndham; or

    c)    a person who is otherwise an owner, member, renter, and/or guest (regardless of whether they have yet purchased a Wyndham Interest) of any Wyndham Interest, regardless of the form, in

3

> i    any resort acquired or developed by, or that becomes an affiliated resort of Wyndham or any of its subsidiaries and/or affiliates after the entry of this Permanent Injunction upon receiving[1] written notification of the same, or
>
> ii    any owner of a points-based timeshare ownership program denominated as a Wyndham points-based program.

As used herein, "Third-Party Exit Company" or "TPE" refers to any individual or business that advertises, markets, solicits, or provides, or alleges to provide (whether valid or not), any product, service, plan, or program represented, whether expressly or by implication, to:

> a. Cancel, rescind, terminate, or otherwise effectuate an exit from a Wyndham Interest and/or any other timeshare interest;
>
> b. Cancel, rescind, terminate, reduce, or otherwise alleviate any Wyndham Owner's payment obligation to Wyndham and/or any

---

[1] Notice shall be deemed compliant with this Permanent Injunction and effective so long as such correspondence is mailed to Matthew Tucker, at 2000 W. Murray Dr., Springfield, MO 65810; to Dan Chudy, at 768 Showplace Gateway, Branson, MO 65616; or to Mutual Release Corporation, a/k/a 417 MRC, LLC, at 901 E St. Louis Street, Suite 1201, Springfield, Missouri 65806.  Should the MRC Defendants desire to change the notification address, they shall so inform Wyndham by sending notice to Wyndham c/o Legal Department, 6277 Sea Harbor Drive, Orlando, FL 32821. Wyndham may change this notification address by providing notice of a new address to the MRC Defendants.

4

homeowners association managed by or affiliated with Wyndham, whether based upon a promissory note, mortgage, maintenance fee, credit card agreement, or any other contract;

c. Assist any Wyndham Owner in obtaining a refund of any payments made by the Wyndham Owner to Wyndham and associated with any Wyndham Interest, including but not limited to, mortgage payments, maintenance fees, club dues, and/or the purchase price of the Wyndham Interest;

d. Represent, negotiate, obtain, or arrange a surrender, quit claim transfer, transfer back to an association, or a deed-in-lieu of foreclosure of a Wyndham Interest;

e. Offer or provide timeshare listing, resale, rental, financing, transfer, permanent or temporary trade-in, or other services or programs to any Wyndham Owner;

f. Provide, whether for profit or not for profit, any Wyndham Owner with draft correspondence to send to Wyndham, a governmental entity, regulator, or any consumer advocacy group, drafts or templates of papers or pleadings to be filed or submitted in any court action commenced in regard to a Wyndham Interest and/or any payment obligation in favor of Wyndham, or otherwise give

any assistance, whether in the provision of forms, templates, samples, instructions or otherwise to any Wyndham Owner; or

g. Provide advice or assistance in regard to any Wyndham Owner's credit record, including but not limited to, credit repair and debt validation services.

## ENJOINED CONDUCT

Based on the stipulations herein, it is hereby **ORDERED AND ADJUDGED** that the MRC Defendants, their officers, employees, agents, affiliated entitles, and successors, and all other persons who are in active concert or participation with any of them, whether currently known or subsequently identified, shall be **PERMANENTLY RESTRAINED AND ENJOINED** from, directly or indirectly:

a. Directing, suggesting, advising, or inducing any Wyndham Owner to stop making payments under their existing contracts, stop paying their loans, stop paying their maintenance fees, transfer their Wyndham Interest, rescind or terminate their Wyndham Interest, exit their Wyndham Interest, or to otherwise violate or breach their Wyndham Interest, timeshare contracts and/or memberships;

b. Assisting any other person or entity in making any statement, directly or by implication, that directs, encourages, or induces a Wyndham Owner to stop making payments related to his or her Wyndham Interest;

6

c. Marketing to, soliciting or in any way communicating with or assisting others in marketing to, soliciting or communicating with any Wyndham Owner concerning their Wyndham Interest, timeshare contract, and/or membership;

d. Preparing, causing to be prepared, or otherwise assisting any other person or entity to prepare, whether directly or indirectly, any correspondence directed to Wyndham on behalf of any Wyndham Owner;

e. Making or engaging in any statement or communication, whether oral, written, electronic, or otherwise, about or relating to Wyndham;

f. Engaging in any TPE services, as defined herein, for Wyndham Owners in relation to their Wyndham Interests, including without limitation, impersonating a Wyndham Owner, or advising or coaching a Wyndham Owner with regard to correspondence to be sent to Wyndham or a regulatory or governmental agency concerning termination of any such Wyndham Interest;

g. Contracting with or offering any product or service, whether a TPE service or otherwise, to a Wyndham Owner in relation to his or her Wyndham Interest;

h. Directing, suggesting or advising, or assisting others in directing, suggesting, or advising any Wyndham Owner to stop, cease, or withhold any payment related to any Wyndham Interest,

including without limitation, related promissory notes, mortgage obligations, and/or maintenance fees;

i. Making any statement, advising or suggesting, or otherwise assisting any other person or entity in making any statement, directly or by implication, that directs or in any way encourages a Wyndham Owner to stop making any payment related to their Wyndham Interest;

j. Using, disseminating, selling, transferring, sharing, or otherwise providing to any person the names or contact information of any Wyndham Owner;

k. Referring or directing any Wyndham Owner to other persons or entities who offer or provide services as a TPE, any law firm or attorney, or any other legal services organization;

l. Interfering with or assisting others in their interference with Wyndham's business, contractual and legal relationships, including but not limited to Wyndham's relationships with Wyndham Owners;

m. Assisting any other individual or entity engaged in marketing the services of a TPE or otherwise providing services as a TPE;

n. Using, disseminating, selling, transferring, sharing, or otherwise providing to any person the names or contact information of any Wyndham Owner;

8

o. Referring or directing any Wyndham Owner to other persons or entities who offer or provide services as a TPE, any law firm or attorney, or any other legal services organization;

p. Except as otherwise required under any applicable federal or state law, preparing or transmitting, or otherwise assisting any other person or entity to prepare or transmit, whether directly or indirectly, on behalf of any Wyndham Owner, any correspondence or complaints to any governmental agency or regulatory body, including without limitation, the Federal Trade Commission, the Consumer Financial Protection Bureau, or any State's attorney general;

q. Using any Wyndham intellectual property, copyrights, or registered trademarks, or any other registered trademark owned by or licensed to Wyndham, in any published materials, promotions, advertising, marketing, online web content, correspondence or in any other format whatsoever;

r. Using Wyndham's name or otherwise referring to Wyndham in any mailer, online advertisements or statements;

s. Participating in any form to directly or indirectly solicit Wyndham Owners, including but not limited to solicitation by proxy, or the use of any third parties, whether or not affiliated with Wyndham (including, without limitation, other TPEs, law firms, timeshare

9

resale and transfer companies, marketing companies, title companies, or closing companies);

t. Contacting and/or having any communication, written or otherwise, with any Wyndham employee[2] for any purpose related to obtaining contact information for Wyndham Owners;

u. Attempting to obtain, transmit, purchase, or sell Wyndham Owner lists, check-in lists, sales records, or any proprietary or non-public Wyndham business records or data, regardless of where such information was obtained.

## **MRC DEFENDANTS' NOTICE REQUIREMENT**

Within five (5) business days following entry of this Permanent Injunction, the MRC Defendants shall provide a copy of this Permanent Injunction to any of his respective business partners, officers, agents, successors, assigns, servants, employers, employees, co-workers, attorneys, and those persons acting in active concert or participation with them in providing any cancellation, resale, transfer or other services related to timeshare interests.

In the event that any of the MRC Defendants is at any time contacted by

---

[2] For purposes of this injunction, Wyndham Employee shall mean any employee of Wyndham. This includes any employee of a Wyndham property, the corporate offices of Wyndham, and any of the outside consultants, affiliates, and/or related entities that may have access to Wyndham Owner information.

any Wyndham Owner regarding cancellation, resale or transfer of their timeshare contracts, memberships, and/or interests, such Defendant shall immediately notify Wyndham and its legal counsel and provide a copy of any correspondence received from such Wyndham Owner.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT**:

The MRC Defendants, their agents, employees and/or those acting at their direction or in active concert and/or participation with any of them, directly or indirectly, are notified that any act in violation of any of the terms hereof may be considered and/or prosecuted as contempt of this Court. The Court shall retain jurisdiction over the parties to this Permanent Injunction and this case for one year from the entry of this Injunction for the purpose of construing, interpreting, implementing, and enforcing the terms of this Permanent Injunction, including but not limited to the imposition of sanctions and civil fines as a result of any violation of the terms contained herein.

Further, in the event of a violation of this Permanent Injunction, Wyndham, in addition to injunctive and other relief the Court may provide, shall be entitled to liquidated damages in the amount of $100,000.00 per violation of this Permanent Injunction, plus an additional $5,000.00 per diem for each day that the breaching party is found to have remained in violation after receiving written notice from Wyndham of the violation. The Parties

11

stipulate that the damages for breaching this Agreement are speculative, that liquidated damages are appropriate in this instance, and that the amount of liquidated damages set forth in this Permanent Injunction are reasonable.

If any provision of this Permanent Injunction shall be held invalid or unenforceable, the remainder shall nevertheless remain in full force and effect. If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other circumstances.

Each party agrees to bear its own costs and attorney's fees and its portion of any court costs.

The Joint Stipulation and Motion for Entry of Final Permanent Injunction Order as to MRC Defendants (Doc. 613) is **GRANTED**.

**IT IS SO ORDERED** on this 23rd day of September, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

12